# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11–08603 MMM (SSx) | Date | April 5, 2012 |

| | |
|---|---|
| Title | *Miramontes v. Mills* |

Present: The Honorable    MARGARET M. MORROW

| ANEL HUERTA | None |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    **Order Denying Plaintiff's Request to Enter Default; Order to Show Cause Why Case Should Not Be Dismissed for Failure to Timely Serve Defendant**

    On October 18, 2011, David Miramontes commenced this action against Heather Mills, alleging intentional misrepresentation and false promise claims. On February 9, 2012, Miramontes filed a proof of service reflecting that Mills had been personally served on January 18, 2012; he also requested that the clerk enter her default because she had failed to respond to the complaint by February 6, 2012.[1] The clerk denied Moramontes' request on the basis that he had not shown that service was properly effected. The clerk referred the matter to the court for further review.

    Plaintiff subsequently filed two additional proofs of service. One was accompanied by the declaration of an individual named David Smith. Smith stated that he made three attempts to serve Mills personally at two different addresses.[2] After the third attempt, he personally delivered the summons, complaint, and accompanying documents to a woman who identified herself as "Miss

---

[1] Proof of Service, Docket No. 18 (Feb. 9, 2012); Request to Enter Default, Docket No. 19 (Feb. 9, 2012).

[2] Proof of Service, Docket No. 21 (Mar. 20, 2012), Exh. A ("Smith Decl."); Proof of Service, Docket No. 22 (Mar. 30, 2012).

Carr," who was "clearly" at least 18 years old, who "worked for or lived with Heather Mills at her residence," and who understood the nature of the documents being delivered. Smith also mailed the documents to the same address. The declaration does not clearly state the date on which these events took place; the latest date listed in Smith's declaration is December 16, 2011.

Miramontes's counsel submitted a declaration in support of the request to enter default, stating that on January 16, 2012, he met Mills personally in Brighton, England at 10 a.m. local time for a deposition in another case, and handed the summons, complaint, and supporting documents to her.[3]

Until such time as a plaintiff effects proper service, the court does not have jurisdiction to hear an action. See *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4"); see *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied"); see also FED.R.CIV.PROC. 4(e). As explained in the court's order declining to consolidate this case and *Parapluie, Inc. v. Mills*, CV 11-02548 MMM (SSx), Rule 4(f) governs service on an individual in a foreign country. FED.R.CIV.PROC. 4(f). Rule 4(f)(1) specifies that service be effected by "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention. . . ." *Id.*, 4(f)(1). England is a signatory to the Hague Convention. See generally *Brockmeyer v. May*, 383 F.3d 798 (9th Cir. 2004) (discussing service on a party in England under the Hague Convention). Consequently, to demonstrate that he has properly served Mills, Miramontes must show that service complied with the Hague Convention's requirements.

Miramontes has not made such a showing. The multiple proofs of service he has filed indicate only that on January 16, 2012, the summons and complaint were served at approximately 10 a.m., and that service complied with the Federal Rules of Civil Procedure. Some of Miramontes' proofs of service cite Rule 4(e)(1) and California Code of Civil Procedure § 415.10, neither of which is applicable here. Neither Smith nor Haney states that the means he used to serve Mills complies with the Hague Convention. Nor has Miramontes provided any authority suggesting that service was effective under the Hague Convention. The clerk can only enter a party's default when she has failed to defend the action. FED.R.CIV.PROC. 55(a). Until a defendant has been properly served, she is under no obligation to defend. *Id.*, 12(a)(1)(A).

Here, the court cannot determine if service was proper. Articles 10(b) and 10(c) of the Hague Convention permit "service of judicial documents directly through the judicial officers, officials or other competent persons *of the State of destination*." CONVENTION ON THE SERVICE ABROAD OF JUDICIAL AND EXTRAJUDICIAL DOCUMENTS IN CIVIL OR COMMERCIAL MATTERS ("HAGUE CONVENTION"), *Reservations and Declarations* (emphasis added). Article 19 permits service by any

---

[3]Declaration Regarding Proof of Service ("Haney Decl."), Docket No. 19 (Feb. 9, 2012).

method authorized by the internal law of the receiving country.  See also FED.R.CIV.PROC. 4(f)(2)(A) (allowing service to be effected in a manner prescribed by the law of the foreign country).  Other district courts have deemed service in England proper when the summons and complaint are served by a solicitor.  See *Supra Medical Corp. v. McGonigle*, 955 F. Supp. 374, 383-84 (E.D. Pa.1997) ("Because the Hague Convention and the United Kingdom permit service to be effectuated in that country through the use of a solicitor, and because the Court finds that such service comports with notions of due process, the Court concludes that Plaintiff's service of the UMDS Defendants was proper"); *In Tax Lease Underwriters, Inc. v. Blackball Green, Ltd.*, 106 F.R.D. 595, 596 (E.D. Mo.1985) (holding that service by solicitor on resident of U.K. "complied with paragraphs (b) and (c) of Article 10").

Haney, however, is an attorney licensed only in the United States, and plaintiff proffers no authority suggesting that he qualifies as a "judicial officer[ ], official[ ], or other competent person of the State of destination."  Moreover, while a process server formally designated to serve documents left them at Mills's home with a "Miss Carr," that individual's relationship with Mills is unclear, and plaintiff has adduced no evidence that substitute service is acceptable under the Hague Convention.  Compare *Rosemann v. Smith*, No. 4:10-cv-480, 2010 WL 2553656, *1 (E.D. Mo. 2010) ("Service of process by a process server formally designated to serve the documents complies with Article 10 and 19 of the Hague Convention").  It is Miramontes's responsibility to demonstrate that service was proper.  While he may be able to meet this burden, the clerk cannot enter Mills' default until a proper showing has been made.

The court notes that under Rule 4(m), Miramontes' time to effect proper service expired on February 15, 2012.  FED.R.CIV.PROC. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time").  Thus, Miramontes' failure to adduce evidence that he has effected service in a manner recognized by the Federal Rules of Civil Procedure for service on an individual outside the United States may require dismissal of his complaint.

For the reasons stated, the court denies Miramontes' request to have the clerk enter Mills' default without prejudice.  The court orders Miramontes to show cause on or before **April 19, 2012**, why this action should not be dismissed for failure to comply with Rule 4(m).  Miramontes' response should detail his compliance with Rule 4(f)(1)'s requirements, and provide factual information and legal argument demonstrating that service was proper under the Hague Convention.