```
HANEY TORBETT, LLP
STEVEN H. HANEY, SBN 121980
1055 West Seventh Street
Suite 1950
Los Angeles, California 90017
Telephone:  213-228-6500
Facsimile:  213-228-6501

Attorneys for Plaintiff,
DAVID MIRAMONTES
```

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MIRAMONTES, also known professionally as "David Paul," an individual,<br><br>          Plaintiff,<br><br>v.<br><br>HEATHER MILLS, an individual, and DOES 1 - 10, inclusive,<br><br>          Defendants. | Case No.: CV 11-08603 MMM(SSx)<br><br>1) **PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT BY COURT;**<br><br>2) **MEMORANDUM IN SUPPORT THEREOF; AND**<br><br>3) **DECLARATION OF STEVEN H. HANEY** |

TO THE COURT, ALL PARTIES AND ATTORNEY OF RECORD:

Plaintiff David Miramontes ("Plaintiff"), hereby, submits his Request to the Court for Entry of Default by the Court.

Plaintiff requests that this Court enter default against Defendant Heather Mills pursuant to *Federal Rules Of Civil Procedure*, Rule 55. Plaintiff made effective service of the Summons and Complaint and Defendant failed to respond within the time permitted by the *Federal Rules of Civil Procedure*, Rule 12(a). This Request for Entry of Default by the Court is based upon the memorandum in support thereof, the Declaration of Steven H. Haney, and the affidavit of David Smith, attached hereto.

**PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT BY COURT**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On December 16, 2011, at approximately 9:00 a.m., Plaintiff David Miramontes (hereinafter "Plaintiff") effectively served the Summons and Complaint on Defendant Heather Mills (hereinafter "Mills" or "Defendant"). On February 9, 2012, Plaintiff filed his First Request for the Clerk to Enter Default against Defendant. On March 15, 2012, the Clerk sent the request to the Judge for consideration. On April 5, 2012, this Court denied Plaintiff's Request to Enter Default and ordered that Plaintiff show cause why this action should not be dismissed for failure to comply with *Federal Rules of Civil Procedure*, Rule 4(f), regarding service of process. On April 19, 2012, Plaintiff filed his response to the Court explaining that Plaintiff complied with *F.R.C.P*, Rule 4(f) and the guidelines of the Hague Convention for international service of process.

## II. LEGAL ANALYSIS

### A) Plaintiff Complies With Rule *F.R.C.P.* 4(f) Requirements

*F.R.C.P.* 4(f) states that service of process upon individuals in foreign countries may be effected "by internationally agreed means reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."

In order for service of process to be effective under Rule 4(f), Plaintiff needs to demonstrate that he complied with the Hague Convention. If the Court finds that Plaintiff complied with the Hague Convention, Plaintiff shows cause that he complied with *F.R.C.P.* Rule 4(f) within the time allocated by *F.R.C.P.* Rule 4(m).

### B) Plaintiff Complies With The Guidelines For Service Under The Hague Convention

Article 10 of the Hague Convention provides for alternative methods of service, as follows: Provided the state of destination does not object, the present convention shall not interfere with: (a) The freedom to send judicial documents, by postal channels, directly to persons abroad, (b) The freedom of judicial officers, officials or other competent persons of the state of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the state of destination, (c) The freedom of any person interested in the judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

#### 1) Plaintiff Complies With The Requirements Set Forth In The Hague Convention By Complying With The Methods Of Service Permitted In England

Article 19 of the Hague Convention permits service by any method authorized by the internal law of the receiving Country. *Fed. R. Civ. Proc.* 4(f)(2)A) (allowing service to be effected in a manner prescribed by the law of the foreign country.)

#### 2) The United Kingdom Does Not Object To Plaintiff's Method For Service Of Process

A signatory party must object for service to be improper. *Health Sci. Distribs., Co. v. Usher-Sparks,* 2012 U.S. Dist. (M.D. Fla. Jan. 19, 2012). David Smith, an English Solicitor, completed service of process on Defendant by Substituted Service and First Class Mailing of Process on December 16, 2011. [See Decl. Of Smith]. Actual receipt is not required under the Hague Convention. *Brockmeyer v. May,* 361 F.3d 1222 (9th Cir. Cal. 2004). Service by an English Solicitor is appropriate method

of service. *Tax Lease Underwriters, Inc. v. Blackwall Green, Ltd.*, 106 F.R.D. 595, 596 (E.D. Mo. 1985). Moreover, in *Ackermann v. Lavine*, 788 F.2d 830 (2d Cir. 1986), the Second Circuit held that service by mail was proper under the Hague Convention if the receiving Country does not object. The United Kingdom does not object to service by First Class Mail. *Brockmeyer v. May*, 361 F.3d 1222 (9th Cir.Cal.2004). Process Server and Solicitor, David Smith, served the documents to Defendant to her primary residence via First Class Mail, and therefore satisfied the Hague Convention requirements because the United Kingdom does not object to this type of service. [Decl. Of Smith ¶6].

### 3) Process Servers, and Officers Of The Court Are Appropriate People To Serve Process In The United Kingdom

Service by David Smith was appropriate: The "service through official channels" declaration does not preclude direct service through an English Solicitor. The "service through official channels" declaration was intended to apply to documents from an embassy or consular official. Because the service on defendant Green complied with paragraphs (b) and (c) of Article 10 of the Hague Convention, said defendant's first ground in support of its motion to quash must be rejected. *Tax Lease Underwriters, Inc. v. Blackwall Green, Ltd.*, 106 F.R.D. 595, 596 (E.D. Mo. 1985)

The U.K. allows service of process by agent through solicitors and process servers. *Knit With v. Knitting Fever, Inc.*, 2010 U.S. Dist. (E.D. Pa. July 13, 2010) The U.K. has not declared that it objects to Hague Convention art. 10(a). *Knit With v. Knitting Fever, Inc.*, 2010 U.S. Dist. (E.D. Pa. July 13, 2010). A number of courts have held that personal service upon an individual by an English solicitor in the United Kingdom or a territory is proper services under Article 10(b) of the Hague Convention. See *Koehler v. Dodwell*, 152 F.3d 304, 307-08 (4th Cir. 1998); *IM*

*Partners v. Debit Direct Limited*, 394 F. Supp. 2d 503, 512 (D. Conn. 2005); *Tax Lease Underwriters, Inc. v. Blackwall Green, Ltd.*, 106 F.R.D. 595 (E.D. Mo. 1985).

In *Tax Lease Underwriters*, according to Plaintiff's default judgment papers, service of the Complaint and summons was effected by a legal assistant of Crills Advocates, English solicitors located in St. Helier, Jersey, Channel Islands. The legal assistant provided an affidavit of service that she served a receptionist at Cole's place of business (HLB Jackson Fox) and that the receptionist there confirmed that the Complaint and summons would be provided to Cole. *Id.* Thus, even though Cole was not personally served with process, this Court finds that Cole was properly served. *Pollen v. Comer*, 2007 U.S. Dist. (D.N.J. June 28, 2007). In this case, Smith submits an affidavit showing service of process on an employee of Defendant at Defendant's primary residence.[Decl. Of Smith ¶¶4&5].

On April 16, 2012, David Smith swore under oath at Burgess Hill, West Sussex, United Kingdom that he completed effective service of Plaintiff's Summons and Complaint as a professional United Kingdom Process Server, a Judicial Official and Officer authorized to serve process in the United Kingdom on December 16, 2011, at 9:00 a.m. [Decl. Of Smith ¶1 & Decl. Of Haney ¶2]. Accordingly, David Smith is the appropriate person for Plaintiff to hire for service of process on Defendant in the United Kingdom. David Smith is a Professional Process Server and an Official of the Court authorized to serve process in the United Kingdom. [Decl. Of Smith ¶¶1&7]. The Hague Convention's Article 10 (b) and (c) had therefore been satisfied on December 16, 2011, when David Smith substitute served Defendant via Miss Carr and thereafter mailed the documents to Defendant's primary registered residence. [Decl. Of Smith ¶¶2, 4, 5, 6 & 7].

**PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT BY COURT**

### C) Substitute Service Was Sufficient Service Of Process

#### 1) United Kingdom Solicitors Are Authorized To Serve Process

The U.K. allows service of process by agent through solicitors and process servers. *Knit With v. Knitting Fever, Inc.*, 2010 U.S. Dist. (E.D. Pa. July 13, 2010) David Smith, a professional Process Server in the United Kingdom was a solicitor that properly served process on Heather Mills through substituted service. (See Decl. Of Smith ¶1)

Pursuant to *Supra Medical Corp. v. McGonigle*, 955 F. Supp. 374, 383-84 (E.D. Pa 1997), the Hague Convention and the United Kingdom permit service to be effectuated in the United Kingdom through the use of a solicitor.

The Service by David Smith comports with the notions of due process under California law. California law, in turn, provides for personal service of process, or after reasonable diligence, substitute service by "leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address, and at least 18 years of age. *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987); *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). The Federal Court will apply "substantial compliance" where: (a) the party that had to be served personally received actual notice; (b) the defendant would suffer no prejudice from the defect in service; (c) there is a justifiable excuse for the failure to serve properly; and (d) the plaintiff would be severely prejudiced if the complaint were dismissed. *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984).

United Kingdom's Process Server David Smith declares that three diligent attempts were made to serve Defendant at her primary residence. After the third attempt, on December 16, 2011, Smith gave the documents to a competent person of age that knew of the content of the materials and was in possession of the house-keys

to Defendant's primary residence. [Decl. Of Smith ¶4]. After mailing the documents the same day, [Decl. Of Smith ¶6], Defendant would not be prejudiced by entering a default because Plaintiff performed, at minimum, substantial compliance with California due process requirements.

Under United Kingdom internal laws, David Smith is authorized to serve process on Defendant. Service under *FRCP* 4(f)(3), which provides that service upon individuals in foreign country may be accomplished by other means not prohibited by international agreement as may be directed by court, is not extraordinary relief and is not alternative of last resort; only limit imposed on such court-directed service is that means must not be prohibited by international agreement. *Forum Fin. Group v. President & Fellows of Harvard College* (2001, DC Me) 199 FRD 22, 49 FR Serv 3d 803. Under Article 10c of the Hague Convention, a signatory party must object for service to be improper. *Health Sci. Distribs., Co. v. Usher-Sparks*, 2012 U.S. Dist. (M.D. Fla. Jan. 19, 2012). Accordingly, the United Kingdom has not objected to substituted service.

### 2)   Substitute Service Is An Acceptable Means Of Service In England

England is a signatory party to the Hague Convention and "Actual receipt" is not required under the Hague Convention:

> It is accepted that service, made in the requested State by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, establishes a sufficient guarantee that the recipient has actual notice in time to enable him to defend himself. *Brockmeyer v. May*, 361 F.3d 1222 (9th Cir. Cal. 2004)

David Smith gave the process to Miss Carr, that clearly lived at the residence. [Decl. Of Smith ¶4]. Miss Carr was in possession of the house-keys and opened the front door. [Decl. Of Smith ¶4]. Miss Carr also indicated she knew the purpose of the

documents, who they were for, and that she would give them to Defendant. [Decl. Of Smith ¶5].

### 3) A Person With Multiple Houses Is An Appropriate Defendant For Substitute Service

Sub-service on a live-in housekeeper is sufficient service of process. *National Development Co. v. Triad Holding Corp.* (2nd Cir. 1991) 930 F.2d. 253. Provided indicia of permanence, a person with two dwelling homes may be served at either. *Satars' Desert Inn Hotel & Country Club, Inc. v. Hwang* (9th Cir. 1997) 105 F3d 521. The Defendant need not be living there at the time of service for it to qualify as his or her "usual place of abode." *Ali v. Mid-Atlantic Settlement Services, Inc.* (D DC 2006) 233 FRD 32.

In *National Development Co.*, service was proper upon a housekeeper because it was indicated that she was a live-in employee. The Court found that "there is no dispute that Ms. DaSilva, with whom the papers were left, is a "person of suitable age and discretion then residing" at the Olympic Tower apartment." Thereafter, upon a showing of the usual place of abode, the foreigner, a Saudi Arabian businessman, was considered served via substituted service. *Id.*

### D) Mailing The Summons And Complaint Was Sufficient Service Of Process

Article 10(a) of the Hague Convention demonstrates that the Convention is not meant to prohibit sending judicial documents by mail. *Lidas, Inc. v. United States*, 238 F.3d 1076, 1084 (9th Cir. 2001). *Mitchell v. Theriault*, 516 F. Supp. 2d 450, 452-53 (M.D. Pa. 2007). In addition, Article 10(a) goes on to indicate that "[p]rovided the State of destination does not object, the present Convention shall not interfere with the freedom to send judicial documents, by postal channels, directly to persons abroad."

PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT BY COURT
- 8 -

England must specifically object to service by mail. Service by regular mail is allowed under English domestic law, and the Hague Convention is intended to not interfere with a member country's own methods for service. *Ackermann*, supra; *Brockmeyer v. May*, 361 F.3d 1222 (9th Cir. Cal. 2004); See Hague Convention, Article 19, U.S.C.S. on International Agreements at 269. The Court in *Brockmeyer* stated "As we see it, the Hague Convention permits service by mail if allowed in the country where papers are being served." The Court continues by stating "Rule 4(f)(2)(A) thus acts as a conduit for permitting service by means of the service laws of the country where served." *Id.* Service by mail is allowed in Britain, and Rule 4(f)(2)(A) effectively incorporates British service rules for service of process from the United States to England. *Id*

Moreover, Plaintiff's method of service by mail goes above and beyond the scope of Hague Convention's Article 1, because there was not an international mailing being directly sent to Defendant, rather the mail was sent to Defendant from the United Kingdom to the United Kingdom. Additionally, and more importantly, the United Kingdom has not ever expressed an objection to service of process through domestic First Class Mail, as was accomplished by David Smith on behalf of Plaintiff Miramontes on December 16, 2011 after effectively serving the Summons and Complaint on Defendant by substituted service. [Decl. Of Smith ¶6&7].

Articles 8, 9, 10, 11, and 19 of the Hague Convention, for example, provide that a signatory country may consent to methods of service within its boundaries other than a request to its central authority. The United Kingdom consents to this service of process within its boundaries, and thereby Plaintiff adheres to England's internal laws, thereby adhering to the requirements of the Hague Convention, and as a result, complies with *F.R.C.P.* Rule 4(f).

The U.K. allows service of process by agent through solicitors and process servers. *Knit With v. Knitting Fever, Inc.*, 2010 U.S. Dist. (E.D. Pa. July 13, 2010).

**PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT BY COURT**

- 9 -

The U.K. has not declared that it objects to Hague Convention Art. 10(a). *Id.* Therefore, service by international registered mail is permitted. *Id*; *Brockmeyer*, 383 F.3d at 803-04. Accordingly, for service by mail to be effective, there are two requirements. First, the receiving country must not have objected to Article 10(a). In *Zelasko*, the Court found that England is a signatory to the Hague Convention. *Zelasko*, 2008 U.S. Dist., 2008 WL 2755463; *McCarron*, 2001 U.S. Dist., 2001 WL 632927; see also Hague Convention, 20 U.S.T. 361 (listing signatories). England has objected to Article 10(a) of the Convention. See *EOI Corp. v. Medical Mktg.*, 172 F.R.D. 133, 142 (D.N.J. 1997) (United Kingdom did not object to Article 10(a)).

### E) Default Should Be Entered Against Defendant, Pursuant To *F.R.C.P.*, Rule 55, For Defendant's Failure To Timely Respond To The Complaint Within The Time Permitted By *F.R.C.P.*, Rule 12

*F.R.C.P.*, Rule 12(a)(1) states:
"*In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:
(A) A defendant must serve an anser:
(i) within 21 days after being served with the summons and complaint"

On December 16, 2011, Plaintiff's hired Process Server and Judicial Officer, David Smith, completed effective service of the Summons and Complaint on Defendant via substitute service and via mail. [Decl. Of. Smith ¶¶4,5,6 & Decl. Of Haney ¶2] Under Rule 12(a)(1), Defendant had until January 8, 2012, to serve an answer. Plaintiff has not been served an answer or other responsive pleading, nor has an answer or other responsive pleading been filed with the Court. [Decl. Of Haney ¶4]

*F.R.C.P.*, Rule 55 states that a default must be entered "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Here, Defendant's failure to respond is shown by the declaration of Steven H. Haney, Plaintiff's counsel of

---

**PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT BY COURT**

- 10 -

1 record. Accordingly, a default should be entered by the Court against Defendant,
2 pursuant to *F.R.C.P.*, Rule 55.

## III. CONCLUSION

For the above mentioned reasons, Plaintiff respectfully requests this Court finds that the Service of Process on Defendant Heather Mills was effective as of December 16, 2011. Furthermore, Plaintiff requests that this Court enters a default against Defendant for her failure to timely respond to the Complaint as prescribed by the requirements set forth in *F.R.C.P.*, Rule 12(a).

Dated: December 27, 2012

/S/
Steven H. Haney
Attorneys for Plaintiff
DAVID MIRAMONTES

**PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT BY COURT**

## DECLARATION OF STEVEN H. HANEY

I, Steven H. Haney, declare the following:

1. I am an attorney at law qualified to practice before all the courts of this State. I am a partner of the firm Haney Torbett LLP, attorneys of record for Plaintiff in this action. I have personal knowledge of the facts stated herein, and, if called as a witness, could and would testify competently thereto.

2. On April 16, 2012, David Smith swore under oath at Burgess Hill, West Sussex, United Kingdom that he completed effective service of Plaintiff's Summons and Complaint as a professional United Kingdom Process Server, a Judicial Official and Officer authorized to serve process in the United Kingdom on December 16, 2011 at 9:00 a.m. A true and correct copy of the Affidavit of David Smith is attached hereto as Exhibit "1."

3. Under *F.R.C.P.*, Rule 12, Defendant had twenty-one days from the December 16, 2011 service of process, until January 8, 2012, to serve and file a responsive pleading. The time permitted under *F.R.C.P.*, Rule 12, has expired.

4. On December 27, 2012, I went to the United States Central District Court's website at: https://ecf.cacd.uscourts.gov/cgi-bin/DktRpt.pl?197475296636818-L_452_0-1. I reviewed the docket report of the instant case. To date, Defendant has not filed a responsive pleading to Plaintiff's Complaint or filed a motion permitted by law.

5. To my knowledge and based upon my belief from my several meetings with Defendant, she is neither a minor nor an incompetent person.

6.    Defendant is in default and *F.R.C.P.* Rule 55 requires the Court to enter the default against Defendant.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 27th day of December 2012, at Los Angeles, California.

                    /S/
        _____
            STEVEN H. HANEY

# EXHIBIT 1

**DAVID MIRAMONTES,**
**A.K.A. "David Paul"**
**v.**
**HEATHER MILLS**

AFFIDAVIT OF SERVICE

I, David Smith of DP Investigations, Process Server and Judicial Officer and Official of the Court's from the UNITED KINGDOM, hereby make oath to the following:

1) I am a professional United Kingdom Process Server, a Judicial Official and Officer authorized to serve process in the United Kingdom. I am person competent of the United Kingdom.

2) I made at least three diligent attempts to serve documents at the primary United Kingdom's registered residence of Heather Mills, directly served Judicial documents labeled Summons, Complaint, Notice of Related Case, Cover Sheet, Addendum and Motion to Consolidate as a Judicial officer and official of the United Kingdom in the State of destination for the case entitled: David Miramontes v. Heather Mills, case number: CV-11-08603.

3) The Attempts I made for service of process upon Heather Mills at her primary registered residence were on the following dates at the following different times of day:

   i) December 3, 2011 at 8:15 am
   ii) December 6, 2011 at 7:00 am
   iii) December 13, 2011 at 11:00 am
   iv) December 16, 2011 at 9:43 am

4) On December 16, 2011 at 9:00 a.m., Miss Carr, a roommate and expressed live-in housemaid employee of Heather Mills at the primary United Kingdom's registered residence of Heather Mills, was over 18 years old, possessed the house keys to the residence and opened the front door. Miss Carr was dressed in a professional worker's outfit and carrying a cleaning products. She was personally given the documents with knowledge of the intended recipient, Heather Mills, and with knowledge of the contents of the documents and the purpose of the documents.

5) Miss Carr clearly indicated to me that she knew I was at the Heather Mill's residence to serve Heather Mills with a complaint. She also indicated that she would give the documents to Heather Mills after this forth attempt to serve Heather Mills at her primary United Kingdom registered residence.

6) On the exact same day, December 16, 2011 at 4:00 p.m. I returned to my office and I sent above described documents via First Class Mail in compliance with the united Kingdom's service of process by post.

7) I hereby declare as professional Process Server, Judicial Officer and Official of the court that the United Kingdom notice requirements for service of process under the Hague Convention have been satisfied.

<u>Sworn at:</u>
23 Cants Close
Burgess Hill
West Sussex
RH15 OLR
United Kingdom

On the 16th day of April, 2012

Before me,

*[signature]*

David Smith of DP Investigations